IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HINES, JR., ) | |
| ) | Civil Action No. 07 - 1524 |
| Plaintiff, ) | District Judge Arthur J. Schwab |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| DUKE THOMAS, MD., ) | |
| ) | |
| Defendant. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

### II. REPORT

Plaintiff, Charles Hines, an inmate confined at the Beaver County Prison, commenced this action under 42 U.S.C. § 1983 against Dr. Duke Thomas, a private physician affiliated with the Greater Pittsburgh Orthopaedic Association, for sending medical records to the Beaver County Prison. For the reasons that follow, the Complaint should be dismissed because the Defendant is not a state actor for purposes of imposing liability under 42 U.S.C. § 1983.

#### A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), who is proceeding IFP in this action (doc. no. 2). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B). In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### B. Liability under 42 U.S.C. 1983

Plaintiff's Complaint seeks to assert liability against Defendant pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state

law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If the record does not reflect that the defendant acted under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). *Accord* American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (U.S. 1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (citations and quotations omitted).

Here, Plaintiff is seeking to impose liability against a private physician. In West v. Atkins, 487 U.S. 42 (1988), the Supreme Court ruled that a private physician, who contracted to perform services on a part-time basis to a state prison within the prison confines, acted under of color of state law for purposes of a § 1983 claim. Notwithstanding, a physician does not act under the color of state law, as an element of a Section 1983 claim, in allegedly failing to provide proper medical treatment, where the physician provides the medical services in a non-prison hospital, and the physician is not a prison employee or under contract to render medical services to prison inmates. *See, e.g.*, Nunez v. Horn, 72 F.Supp.2d 24, 27 (N.D.N.Y.1999) (distinguishing West and finding that a private physician who treated a prisoner without a contract and off the prison grounds did not act under color of state law for purposes of § 1983).

Here, Plaintiff merely claims that Dr. Thomas acted wrongly in sending his medical

3

records to the County Prison. Thus, one can reasonably conclude that Dr. Thomas is not employed by the Prison. Thus, he is not a state actor for purposes of imposing liability under 42 U.S.C. § 1983 and the Complaint should be dismissed.

### III. CONCLUSION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

January 17, 2008

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc.  The Honorable Arthur J. Schwab
     United States District Judge

     Charles Hines Jr.
     Beaver County Prison
     6000 Woodlawn Boulevard
     Aliquippa, PA 15001